Moriarty, Cornelius J., J.
*581 FACTUAL BACKGROUND
This case involves a claim of handicap discrimination brought by the plaintiff, Penny Moreau (Ms. Mo-reau), against her former employer, Massachusetts Mutual Life Insurance Company (MassMutual). The facts which give rise to this action are as follows.
Ms. Moreau began working for MassMutual in 1986 as a file clerk. Over the ensuing years she held a variety of clerical jobs until 1998 when she assumed the position of mail messenger. Sometime during that year she developed degenerative disk disease. As a result she requested and received from MassMutual an accommodation to her handicap. The company performed an ergonomic audit of Ms. Moreau’s workstation which resulted in Ms. Moreau receiving an addition for her desk, a different chair and a new table. Later in 2002, her condition having deteriorated, a second ergonomic audit was performed. This resulted in Ms. Moreau receiving additional adaptive equipment. In September 2003 her back condition unfortunately worsened and Ms. Moreau left work on a medical leave of absence. On or about October 21, 2003 she obtained a note from her physician, Dr. Alan Bullock, allowing her to return to work on November 3rd with further lifting restrictions. Dr. Bullock modified earlier restrictions by increasing the lifting restriction from 15-20 lbs. to 5-10 lbs. He also opined that these restrictions were likely permanent.
Ms. Moreau presented the note to her manager and fully anticipated returning to work on November 3, 2003. However, on October 31st she received a telephone call from MassMutual informing her that it could not accommodate her restrictions. She was advised to remain out of work on short-term disability leave. Over the ensuing four months Ms. Moreau made repeated calls to MassMutual asking to return to work, but on each occasion the company’s response remained essentially the same. Finally on or about February 27, 2004 Ms. Moreau retained the services of Attorney Tani Sapirstein who wrote to MassMutual. The letter advised MassMutual that Ms. Moreau would voluntarily undergo an evaluation to determine whether or not she could perform her duties with or without reasonable accommodation; Atty. Sapirstein also suggested that MassMutual might purchase a motorized hand truck and cart to accommodate her client’s restrictions. MassMutual rejected this suggestion. Ultimately Ms. Moreau’s employment was terminated and this lawsuit ensued.
LEGAL PROCEEDINGS
The plaintiff filed this lawsuit on September 20, 2004. Her amended complaint consisted of four causes of action contained within three counts.
Count I of the Amended Complaint alleged that MassMutual discriminated against Ms. Moreau on the basis of an actual handicap. The first part of Count II of the Amended Complaint alleged discrimination because MassMutual regarded Ms. Moreau as having a handicap. A motion for summary judgment was granted to MassMutual on that count prior to trial. The second part of Count II, that MassMutual discriminated against Ms. Moreau on the basis of a record of a handicap, was waived prior to trial. Count III of the Amended Complaint asserted that MassMutual had retaliated against Ms. Moreau in violation of Chapter 15 IB. Although the Amended Complaint contained no separate count that alleged MassMutual had failed to participate in an interactive process to identify an accommodation to Ms. Moreau’s handicap, it became a focal point of contention at trial.[1]
The case was tried before a jury from December 14, 2006 through December 21, 2006. MassMutual moved for a directed verdict on all remaining counts at the close of the plaintiffs case and renewed its motion at the close of all the evidence.[2]
At the conclusion of the evidence the jury was instructed on the duty of an employer to provide a reasonable accommodation. The Court’s notes reflect that the jury was instructed as follows:
Massachusetts law requires employers to work with their qualified handicapped employees to determine whether an appropriate accommodation exists. If the employee cannot identify a particular accommodation but requests one, the law requires the employer to engage in an interactive process with the employee to see if one can be identified. If the employer does not engage in the process, it has violated the law. To prevail on this claim, Ms. Moreau must prove the following elements:
(1) She was a qualified handicapped person;
(2) She requested a reasonable accommodation; and,
(3) MassMutual failed to engage in an interactive process to reasonably investigate a means to reasonably accommodate Ms. Moreau’s handicap.
If Ms. Moreau has proven all of the three elements by a preponderance of the evidence, then your verdict must be for Ms. Moreau on this count. If she has not, your verdict must be for MassMutual.
Earlier the jury had been instructed that “a qualified handicapped person means someone who is (a) capable of performing the essential functions of her job without an accommodation or (b) someone who would have the capability of performing the essential functions of her job with a reasonable accommodation to her handicap.” Plaintiffs counsel offered no objection to these instructions.
The case was submitted on special questions pursuant to Mass.R.Civ.P. 49(a). The questions, instructions regarding these questions and the jury’s answers were as follows:
1. Has the plaintiff proven that she was a qualified handicapped individual capable of performing the *582 essential functions of her job with or without reasonable accommodation? Yes_ No JL
If the answer to Question # 1 is “Yes,” go to Question #2.
If the answer to Question #2 is “No,” go to Question #3.
3. Has the plaintiff proven that the defendant unreasonably failed to participate in an interactive process to identify a reasonable accommodation to the plaintiffs handicap? Yes JL No_
If your Answer to Question #3 is “Yes, ”go to Question #4.
4. Has the plaintiff proven that the defendant terminated the plaintiffs employment because of her request for a reasonable accommodation? Yes_ No JL
If your answer to Question # 1 is “No” or Your answer to Question #2 is “Yes” and your answer to Question #3 is “No” and Your answer to Question #4 is “No,” please have the foreperson sign the verdict form and notify the Court Officer. However, if the answer to Question #2 is “No,” or your answer to Question #3 is “Yes” or your answer to Question #4 is “Yes,” please answer Question #5.
5. Please state the amount of money that will fairly compensate the plaintiff resulting from the termination of her employment.

Back Pay

Fifty One Thousand, Four Hundred Twenty One Dollars $51,421.00

Front Pay

Eighty Three Thousand, Four Hundred Thirty Dollars $83,430.00

Emotional Distress

Fifteen Thousand Dollars $15,000.00
On January 18, 2007, judgment was entered in favor of the plaintiff. On January 17, 2007 the defendant served on the plaintiff a motion for judgment notwithstanding the verdict or for alteration of the judgment.[3] Argument was held on the defendant’s motion on March 20th and taken under advisement at that time.
DISCUSSION
Motion for Judgment
Notwithstanding the Verdict
MassMutual sets forth two different bases upon which it maintains its motion for the judgment notwithstanding the verdict should be granted. First, it maintains that the motion should be allowed because the jury’s finding that the plaintiff was not a qualified handicapped person renders irrelevant the issue of whether MassMutual unreasonably failed to engage in the interactive process. Secondly, it argues that even if the law requires an employer to engage in the interactive process with an employee who was not a “qualified handicapped employee,” the evidence was insufficient for the jury to find that MassMutual unreasonably failed to do so. For the reasons set forth below the Court need not address the second prong of MassMutual’s argument.
As noted above, the jury was instructed that in order to find for the plaintiff on her claim that the defendant failed to engage in the interactive process, the plaintiff was required to prove that she was a qualified handicapped person. The jury found that she did not.
Ms. Moreau now argues, in response to the defendant’s motion, that the plaintiff need only allege she was a qualified handicapped individual in order to require the defendant to engage in the interactive process. As a preliminary matter, the plaintiff did not object to the instructions when given and cannot now be heard to complain they were erroneous. Were the Court convinced that its instruction in this regard was incorrect, the proper remedy would be to order a new trial. However, after a careful review of the statutory language, case law, applicable MCAD guidelines and consideration of the briefs and arguments of counsel, I am persuaded that the jury was properly instructed on this issue at trial.
G.L.c. 151B, §4(10), provides as follows: “It shall be an unlawful practice for an employer ... to dismiss from employment ... or otherwise discriminate against because of his handicap, any person alleging to be a qualified handicapped person, capable of performing the essential functions of his job with reasonable accommodation.”
The phrase “capable of performing the essential functions of his job with reasonable accommodation” modifies the preceding phrase “any person alleging to be a qualified handicapped person.” Thus, as the Court held in Mammone v. President and Fellows of Harvard College, 446 Mass. 657 (2006), G.L.c. 151B is applicable only to persons who both allege they are and actually are (emphasis supplied) qualified handicapped persons. Stated otherwise, a plaintiff must (a) allege he/she could perform the essential functions of a particular job with or without reasonable accommodation to his or her handicap and (b) actually be able to do so.
The language in Mammone was foreshadowed by the Court’s holding in Andover Housing Authority v. Shkolnik et al., 443 Mass. 300 (2005). There the Court, in the context of a housing discrimination claim (while holding that the Authority had made every effort to engage in an interactive process), noted that the defendants had not as a preliminary matter (emphasis added) proven they were qualified handicapped persons which would entitle them to the protection of G.L.c. 151B.
The plaintiffs argument is further foreclosed by the Court’s holding in Russell v. Cooley Dickinson Hospital, Inc., 437 Mass. 443, 457 (2002). “Once a qualified individual with a disability has requested provision of *583 a reasonable accommodation, the employer must make a reasonable effort to determine the appropriate accommodation . . . through a flexible interactive process that involves both the employer and the qualified individual with a disability.”
This is in line with earlier decisions which hold that an employee must prove that he/she is a qualified handicapped person in order to make out a prima facie case of handicap discrimination. Dart v. Browning-Ferris Industries, 427 Mass. 1, 6 (1998); Labonte v. Hutchins & Wheeler, 424 Mass. 813 (1997).
Further in accord are the MCAD Guidelines VII, “The Commission encourages an open and ongoing dialogue between employees and employers about the provision of reasonable accommodation. The goal is to accommodate the needs of qualified handicapped individuals, while satisfying the legitimate business interests of employers.
Statutory text, case law and regulations clearly suggest only qualified handicapped individuals are entitled to the protection of the G.L.c. 151B. The jury’s finding that Ms. Moreau failed to prove she was a qualified handicapped person relieves MassMutual from liability for having failed to participate in the interactive process.
WAIVER
The plaintiff also submits that the defendant waived any claim of an inconsistent verdict by failing to raise the issue prior to the dismissal of the jury. The Court need not determine this issue because, in the Court’s view, the answers to Questions #1 and #3 are not factually inconsistent. To constitute inconsistent verdicts, it must be shown that the verdicts are based on inconsistent findings of fact. Service Publications, Inc. v. Gouerman, 396 Mass. 567, 573 n.8 (1986). The jury’s finding that the plaintiff failed to prove she was a qualified handicapped individual did not compel the jury to find MassMutual had participated in the interactive process. The jury’s finding that MassMutual had failed to participate in the interactive process also did not compel the jury to find, as a factual matter, that Ms. Moreau was a qualified handicapped individual. The jury’s answers to Questions #1 and #3 are capable of being harmonized.
It is now apparent that the jury should not have awarded damages. However this was due to no fault of the jury. The jury simply followed the instructions provided on the verdict form. The instructions on the jury verdict form were erroneous, an error for which the Court accepts responsibility. The instructions following Question # 1 should have instructed the jury that if the answer to Question #1 was “No,” the jury should skip Question #3. Accordingly, the instructions following Question #4 would not have instructed the jury to answer Question #5 regarding damages as they did.
What is at issue here is the legal significance of the jury’s answer to Question #1. Where an answer to one special question is dispositive of the case and renders immaterial the answer to another special question, the dispositive answer is controlling. Footit v. Monsees, 26 Mass.App.Ct. 173, 181 (1988). What happened here is similar to the situation presented in Tarpey v. Crescent Ridge Dairy, 47 Mass.App.Ct 380, 390 (1999), where an error in the instructions on the jury verdict slip allowed a jury to award punitive damages against a defendant whose gross negligence was found not to have caused the death of a decedent.
CONCLUSION
The jury finding that the plaintiff had not proven she was a qualified handicapped individual is fatal to her claim that MassMutual failed to engage in the interactive process. The law only requires employers engage in the interactive process with qualified handicapped employees.
Accordingly the defendant’s motion for judgment notwithstanding verdict is ALLOWED. The motion to alter the judgment is thus rendered moot.

MassMutual stipulated Ms. Moreau was handicapped.

The record does not bear out the plaintiffs contention the defendant failed to move for a directed verdict on the basis that there was insufficient evidence that MassMutual failed to engage in the interactive process.

The motion was actually served one day prior to the entry of the judgment.